[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------

No. 05-13799
Non-Argument Calendar

------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

Agency Nos. A79-513-559
and A79-513-560

RAMIRO DE JESUS TORRES-CASAS,
CLEMENCIA DESANFRANCIS RESTREPO-DURANGO,
MATEO TORRES-RESTREPO,
DANIEL ALEJANDRO TORRES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------

Petition for Review of a Decision of the
Board of Immigration of Appeals

------------------------------------

**(May 23, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Ramiro de Jesus Torres-Casas, the lead petitioner, his wife and his children, citizens of Columbia, petition for review of the Board of Immigration Appeal's ("BIA") final order affirming the Immigration Judge's ("IJ") decision denying Petitioners's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). See 8 U.S.C. § § 1158, 1231; 8 C.F.R. § 208.16(c). No reversible error has been shown; the petition is dismissed in part and denied in part.

Petitioners entered the United States in the summer of 1998 as non-immigrant visitors authorized to remain for a temporary period not to exceed 22 January 1999. On 20 December 2001, the Immigration and Naturalization Service ("INS")[1] initiated removal proceedings. Petitioners were charged with being removable from the United States as aliens who remained for a time longer than permitted. Petitioners conceded removability and requested relief in the form of asylum, withholding of removal under the INA and protection under CAT. After a

---

[1] The INS has since been abolished and its functions transferred to the newly formed Department of Homeland Security, which was created under the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

hearing, the IJ denied Petitioners's application for asylum as untimely; the IJ also denied withholding of removal under the INA and protection under CAT because Petitioners failed to proffer sufficient clear, consistent and believable evidence to support relief. The BIA summarily affirmed without an opinion the decision of the IJ.[2]

Applications for asylum must be filed within one year of the applicant's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). An application filed after one year

> may be considered ... if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing....

8 U.S.C. § 1158(a)(2)(D). Petitioners assert that they showed extraordinary or exceptional circumstances sufficient to excuse the late filing; the IJ determined to the contrary.

The INA vests the Attorney General with authority to assess the adequacy of a changed-circumstances showing under 8 U.S.C. § 1158(a)(2)(D), and provides expressly that "[n]o court shall have jurisdiction to review any determination of the Attorney General" on the timeliness of an asylum application.

---

[2]When the BIA summarily affirms the IJ without an opinion, we review the IJ's opinion as if it were that of the BIA. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

8 U.S.C. § 1158(a)(3); see Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954, 957 (11th Cir. 2005). We are without jurisdiction to review the IJ's determination that no changed or extraordinary circumstances justified consideration of Petitioners's untimely asylum application.

We question whether Petitioners raise properly claimed errors in the denial of their petition for withholding of removal. The government argues that Petitioners have abandoned the claim because they failed to argue the issue and present supporting authority in their appellate brief. Issues not argued on appeal are deemed abandoned. See, e.g., Mendoza, 327 F.3d at 1286 n.3. "[W]hen a party lists an issue for appellate review but does not discuss that question in their argument, they have abandoned it." Bayro v. Reno, 142 F.3d 1377, 1379 (11th Cir. 1998).

But, even assuming arguendo that Petitioners's INA removal claim has not been abandoned, Petitioners show no reversible error. Our review of BIA and IJ determinations is highly deferential. Al Najjar v. Ashcroft, 257 F.3d 1262, 1278 (11th Cir. 2001). We will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation and quotation marks omitted). To reverse the IJ's decision, we must "find that the

record not only supports that conclusion, but compels it." Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted). To the extent Petitioners argue the removal issue at all, they advance only conclusory claims that the evidence showed they more likely than not would be subject to persecution because of their political opinion. Petitioners do not explain how the evidence supports these conclusory claims about persecution or the required nexus to political opinion. The IJ denied withholding of removal because Petitioners failed to provide sufficiently "coherent, clear, consistent, detailed, and believable" evidence; substantial evidence supports the decision.

We also conclude that Petitioners's CAT claim properly is not before us: Petitioners failed to exhaust administrative remedies when they advanced no CAT argument before the BIA. "A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right...." 8 U.S.C. § 1252(d). The requirements of 8 U.S.C. § 1252(d) are jurisdictional. Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003). The exhaustion requirement affords the BIA "the opportunity to discover and correct [its] own error." Id. at 1325 (citation and quotation marks omitted). Because

Petitioner failed to exhaust administrative remedies on the CAT claim, we lack jurisdiction to review the IJ's denial of protection under CAT.[3]

The petition for review is DISMISSED as to the asylum and CAT claims and DENIED as to the withholding of removal claim.

DISMISSED IN PART; DENIED IN PART.

---

[3] We note that protection under CAT requires a petitioner to show that it is "more likely than not" that he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). The record before the IJ on the likelihood of torture -- like the record on the likelihood of persecution for withholding of removal under the INA -- lacked "coherent, clear, consistent, detailed, and believable" supporting evidence.