[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-11697
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2008
THOMAS K. KAHN
CLERK

Agency No. A98-610-773

CAROLINA JOSEFINA SOTO-MACABI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------
Petition of Review of a Decision of the
Board of Immigration Appeals
----------------------------------------

**(March 31, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Carolina Josefina Soto-Macabi, a native and citizen of Venezuela, petitions

for review of the affirmance by the Board of Immigration Appeals ("BIA") of the

decision of the Immigration Judge ("IJ").  The decision denied asylum,

withholding of removal, and relief under the United Nations Convention Against

Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment

("CAT").[1]  No reversible error has been shown; we dismiss the petition in part and

deny it in part.

We review the BIA's decision in this case because the BIA did not

expressly adopt the IJ's decision.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284

(11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the

[BIA] adopts the IJ's reasoning, we will review the IJ's decision as well").  We

review de novo legal determinations of the BIA.  Id.  Factual determinations are

reviewed under the "highly deferential" substantial evidence test; and we must

"affirm the . . . decision if it is supported by reasonable, substantial, and probative

evidence on the record considered as whole."  Forgue v. U.S. Attorney Gen., 401

F.3d 1282, 1286 (11th Cir. 2005) (citation omitted).  Therefore, a finding of fact

will be reversed only when the record compels, instead of merely supports, a

reversal.  Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

---

[1]Soto-Macabi has waived her claim for CAT relief because she merely cites the relevant law in her brief and fails to make an argument on how the BIA erred.  See Bayro v. Reno, 142 F.3d 1377, 1379 (11th Cir. 1998) (concluding that when a party lists an issue for appellate review, but fails to address it in their brief, they have abandoned it and waived their right to judicial review of that claim).

About asylum, Soto-Macabi argues that she demonstrated changed circumstances to excuse her untimely application. The IJ determined that Soto-Macabi's asylum application was untimely and changed or extraordinary circumstances did not excuse the untimely filing.[2] The BIA noted that Soto-Macabi did not challenge the IJ's timeliness ruling on appeal. The government asserts that we lack jurisdiction to review the determination that Soto-Macabi was ineligible for asylum.

We review our subject-matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Because Soto-Macabi did not challenge the timeliness ruling before the BIA and, therefore, failed to exhaust her administrative remedies, we lack jurisdiction to consider this claim.[3] See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (explaining "we lack jurisdiction to consider claims that have not been raised before the BIA"). We dismiss the petition for review of the asylum claim.

---

[2] Soto-Macabi entered the United States in October 2000 and filed her asylum application in September 2004.

[3] The IJ's timeliness ruling also divests us of jurisdiction to review the asylum claim. Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954, 957 (11th Cir. 2005) (concluding that 8 U.S.C. § 1158(a)(3) divests us of jurisdiction to review a decision about whether an alien complied with the one-year time limit or established circumstances that would excuse her untimely filing).

We now address Soto-Macabi's withholding of removal claim. An alien seeking withholding of removal must show that her life or freedom would more likely than not be threatened upon return to her country because of a protected ground, such as political opinion. See 8 U.S.C. § 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that she more-likely-than-not would be persecuted or tortured upon her return to her country of nationality. Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). The alien may satisfy this burden by showing past persecution on account of a protected ground.[4] Id. An alien who has not shown past persecution still may be entitled to withholding of removal if she can demonstrate a future threat to her life or freedom on a protected ground. Id.; see also 8 C.F.R. § 208.16(b)(2).

Soto-Macabi sought relief based on her activities as a critic of President Hugo Chavez. In 1998, she received death threats by Chavez supporters for speaking out against Chavez's presidential candidacy at her university. A friend who accompanied her to these university meetings later was killed. After Chavez became president, Soto-Macabi encouraged others to oppose a referendum which

---

[4]If the alien establishes past persecution in her country based on a protected ground, it is presumed that her life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom no longer would be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. Id.

4

would give him more power; and in December 1999, an anonymous death threat was placed on her car. A few days later, she and a few others were preparing aid packages for a disaster relief effort when several people on motorcycles tried to thwart their efforts. Soto-Macabi confronted one of these people; an altercation ensued in which her nose was broken; and she had to seek medical attention. In January 2000, two Chavez supporters held Soto-Macabi at gunpoint in her car outside her apartment and warned her to stop speaking out against Chavez or she and her family would be harmed. Soto-Macabi left Venezuela shortly after this incident and was gone for nine months. She returned in October 2000. But her brother told her that "they" telephoned him and said they would kill her if she did not leave the country. Soto-Macabi left again four days later.

Here, the BIA agreed with the IJ's determination that the incidents alleged by Soto-Macabi did not rise to the level of past persecution. The BIA also concluded that Soto-Macabi had not demonstrated that it was more likely than not that she would be persecuted because of her political opinion if she returned to Venezuela. On appeal, Soto-Macabi only argues that she has demonstrated -- based on the record as a whole and specifically, the telephonic threat her brother received -- a well-founded fear of future persecution and that she more likely than not will be persecuted upon return to Venezuela. Because she has not

5

meaningfully challenged the BIA's past persecution finding on appeal, she has

waived a challenge to it.[5]  See Bayro, 142 F.3d at 1379.

Our review, then, is limited to the BIA's conclusion that Soto-Macabi did

not demonstrate a future threat of persecution if returned to Venezuela.[6]  See

Mendoza, 327 F.3d at 1287.  Substantial evidence supports the BIA's finding.  We

are not compelled to conclude that it is more likely than not that Soto-Macabi will

suffer persecution if she returns to Venezuela.  Soto-Macabi has been absent from

the country for over seven years, and the mistreatment she suffered there occurred

over eight years ago.  While her brother received a threat against her when she last

was in the country in 2000, nothing in the record indicates that anyone has

---

[5]In a single sentence, Soto-Macabi states that she "was persecuted in Venezuela as an outspoken critic of" Chavez.  But this conclusory statement does not illustrate how the BIA erred in its finding or how the record demonstrates that she suffered past persecution.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (a party waives an issue on appeal by making only passing references to it and failing to make a specific argument on how the court erred).

[6] We doubt that, even if Soto-Macabi had not waived a challenge to the BIA's finding that she did not suffer past persecution, the record would compel a contrary conclusion.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (explaining that persecution is an "'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation'").  Soto-Macabi's proffered evidence of persecution falls short of the repeated threats and purposeful physical attacks found to compel a past-persecution finding in recent cases.  See, e.g., Mejia v. U.S. Attorney Gen., 498 F.3d 1253 (11th Cir. 2007); Delgado v. U.S. Attorney Gen., 487 F.3d 855 (11th Cir. 2007).  Bearing in mind the highly deferential standard of review and viewing the evidence in the light most favorable to the findings of the BIA, the incidents alleged here -- even taken cumulatively -- would seem insufficiently extreme to allow us to override the agency's decision.  See Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) ("even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision.").

threatened her or her family since then.  And she testified that her mother remains in Venezuela.  Though the 2004 State Department Country Report indicates that the government intimidated, threatened and physically harmed at least a dozen Chavez opponents during the year, this evidence does not compel the conclusion that Soto-Macabi will be singled out for persecution based on her political opinion upon her return.  We deny the petition for review of withholding of removal.

PETITION DISMISSED IN PART, DENIED IN PART.