[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16962
Non-Argument Calendar

_____

Agency No. A098-546-623

BIRUTE NORKUTE,
a.k.a. Birute Vitaustas Norkute,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 26, 2009)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Birute Norkute, a native and citizen of Lithuania, through counsel, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order finding her removable and denying her application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). On appeal, Norkute argues substantial evidence does not support the IJ's and BIA's adverse credibility finding, or the denial of her asylum claim.[1]

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). The BIA issued its own decision but also adopted the IJ's opinion, so we will review both. Issues of legal interpretation are reviewed *de novo*, *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and administrative fact findings, including adverse credibility findings, are reviewed "under the highly deferential substantial evidence test," *Adefemi v. Ashcroft*, 386

---

[1]Because Norkute does not challenge the denial of CAT relief on appeal, she has abandoned any claim in this respect. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding issues not raised on appeal are deemed abandoned). Likewise, she has abandoned her withholding-of-removal claim by failing to make any substantive arguments pertaining to this issue, even though she mentions it in passing in her brief. *See Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998) ("[W]hen a party lists an issue for appellate review but does not discuss that question in their argument, they have abandoned it.").

F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Under this test, we will not reverse the BIA's factual finding unless the record compels it. *Id.* at 1027.

Norkute argues substantial evidence does not support the IJ's and BIA's adverse credibility finding. Specifically, she argues (1) her oral testimony was consistent with her written asylum application and the background reports on Lithuania, and (2) the IJ's adverse credibility determination was based solely on "mere conjecture and opinion" and his "ethnocentric perspective."

To be considered an adverse credibility determination, the IJ or BIA must state explicitly the applicant's testimony was not credible, and the IJ and BIA "must offer specific, cogent reasons" for that finding. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's] credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* An adverse credibility determination "does not alleviate the IJ's [or BIA's] duty to consider other evidence produced by an asylum applicant." *Id.*

The IJ and BIA made explicit adverse credibility determinations, finding Norkute's testimony was not credible based on its implausibility. We have held concerns about an applicant's credibility on "key elements of the claim," combined with the applicant's "failure to rebut these with sufficient corroborating evidence

3

and explanation," supported the denial of asylum. *See Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1369 (11th Cir. 2005). Here, the IJ and BIA provided specific, cogent reasons for doubting Norkute's veracity, including concerns regarding the believability of key events in her testimony and the lack of corroborating police and medical reports. Norkute's only attempt to rebut these findings comes from her conclusory statements labeling the determinations as "ethnocentric" and "mere conjecture and opinion." Her response provides an insufficient explanation to compel reversal. *Nreka*, 408 F.3d at 1369. Accordingly, we deny Norkute's petition.

**PETITION DENIED.**