[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12672
Non-Argument Calendar

_____

Agency No. A206-768-623

MARTA LILIAN ALAS BONILLA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 12, 2021)

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Marta Alas Bonilla, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeal's summary dismissal of her administrative appeal from the Immigration Judge's final removal order (which in part denied her application for asylum). She argues that she adequately specified the reasons for her appeal in her administrative notice of appeal. After careful review, we affirm the BIA's dismissal because Ms. Bonilla failed to administratively exhaust her claim.

## I

Ms. Bonilla fled El Salvador while still in high school after her uncles were murdered by a gang. She entered the United States in 2014 as an unaccompanied minor. After the Department of Homeland Security sought to remove her under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 212(a)(6)(A)(i), she filed an application for asylum and withholding of removal.

Following an initial denial by United States Citizenship and Immigration services, Ms. Bonilla submitted a revised application for asylum, withholding of removal, and relief under the Convention Against Torture at a hearing before an Immigration Judge. *See* AR at 51, 138–47. The IJ denied her application, finding her testimony credible but ruling her claimed social group for purposes of asylum—"a young lady subject [to] retaliation by gang member[s] due to the fact that a family member was killed by…gang members" — was "too amorphous and overly broad under the facts." *Id*. at 29. The IJ also found that Ms. Bonilla had failed to establish

2

either a well-founded fear of present or future persecution on account of a protected ground or that she had suffered persecution in the past. She therefore did not qualify for asylum or the more stringent withholding of removal. *See id.* The IJ also denied CAT relief because Ms. Bonilla failed to establish that the El Salvador government would consent to her torture or allow her to be tortured. *See id.* at 30.

Ms. Bonilla timely appealed to the BIA. On her notice of appeal, however, she indicated that she did not intend to file a separate written brief and only stated the following:

> The Honorable Immigration Judge abused [sic] discretion when [sic] denied Respondent's Form I-589, Application for Asylum and Witholding of Removal. Despite the fact, the Respondent suffered past persecution in El Salvador. Respondent testified in sufficient detail to warrant a grant. The Immigration Judge abused his discretion.
>
> The Respondent reserve[s] the right [sic] [to] make any and all other arguments after they review the transcript of the record of proceedings.

*Id.* at 9. The BIA issued a briefing schedule, but Ms. Bonilla did not file a brief.

The BIA summarily dismissed Ms. Bonilla's appeal, finding that her statement in the NOA "fail[ed] to meaningfully apprise [it] of the reasons underlying the appeal." *Id.* at 3. Ms. Bonilla timely filed this petition for review.

## II

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). To exhaust a claim before the BIA a petitioner must both raise the "core issue" and "also

3

set out any discrete arguments [she] relies on in support of that claim." *Jeune v. U.S. Att'y. Gen.*, 810 F.3d 792, 800 (11ᵗʰ Cir. 2016).

We review the BIA's decision to summarily dismiss an appeal under 8 C.F.R. § 1003.1(d)(2)(i) for an abuse of discretion.  *See Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006).  The BIA abuses its discretion when it reaches its decision "in an arbitrary or irrational manner."  *Gomez-Gomez v. INS*, 681 F.2d 1347, 1349 (11th Cir. 1982).

Under § 1003.1(d)(2)(i)(A), the BIA "may summarily dismiss any appeal" where "[t]he [petitioner] fails to specify the reasons for the appeal on [her NOA] or other document filed."  In other words, "when a petitioner fails to apprise the [BIA] of the specific grounds for [her] appeal, whether by specifying the reasons in the [NOA] or by submitting an additional statement or brief, summary dismissal is appropriate."  *Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998) (internal quotations omitted) (noting that petitioners had not exhausted their administrative remedies because they had not perfected their appeal to the BIA).

In holding Ms. Bonilla ineligible for asylum and withholding of removal, the IJ concluded that her proposed social group was too amorphous, that she had failed to establish a well-founded fear of present or future persecution on account of a protected ground, or that she had suffered persecution in the past, and that she therefore did not qualify for asylum or the more stringent withholding of removal.

4

*See* AR at 29. Ms. Bonilla's NOA, however, only apprised the BIA that she was contesting the IJ's finding of no past persecution. The further statement that Ms. Bonilla "testified in sufficient detail to warrant a grant," provides no guidance as to which of the IJ's conclusions were erroneous. Because challenging the IJ's finding of past persecution alone would not warrant reversal, and the NOA gave no indication of what additional finding or findings Ms. Bonilla was contesting—for example either that the persecution was motivated by a protected characteristic or that the IJ erred as to the proposed social group— the NOA did not sufficiently apprise the BIA of the specific grounds for her appeal. *See Bayro* 142 F.3d at 1379; *Bonne-Annee*, 810 F.2d at 1078. An argument must "provide information sufficient to enable the BIA to review and correct any errors below," and "[u]nadorned, conclusory statements do not satisfy [the exhaustion] requirement." *Indrawati v. U.S. Atty. Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).

Ms. Bonilla also argues that the BIA's issuance of a briefing schedule, despite the NOA indicating that she did not intend to submit a brief, is evidence that the BIA did not "properly understand" Ms. Bonilla's request. This argument is unpersuasive. It does not speak to the inadequacy of the NOA, and there are numerous reasons the BIA could have issued the briefing schedule, including that such a schedule is issued as a matter of course.

5

We conclude that the BIA properly dismissed Ms. Bonilla's petition because she did not adequately apprise the BIA of the basis for her appeal in her NOA. Because Ms. Bonilla did not exhaust her administrative remedies, we lack jurisdiction to review the merits of her asylum and other claims.

**PETITION DENIED.**