[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11691

Non-Argument Calendar

————————————————

JOSE C. FLORES-EVANGELISTA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A087-675-370

————————————————

2                    Opinion of the Court                    22-11691

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

An Immigration Judge denied Jose C. Flores-Evangelista's application for withholding of removal under § 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 C.F.R. § 1208.16(c).  The Immigration Judge concluded that Flores-Evangelista had not sufficiently established that his life or freedom would be threatened if he were to return to Mexico, as required under § 241(b)(3).  He also concluded that Flores-Evangelista failed to establish that he had been tortured in Mexico or would likely be tortured if he were to return to Mexico, as required under the Convention.  Accordingly, Flores-Evangelista was ordered removed to Mexico.

He appealed to the Board of Immigration Appeals by filing a Form EOIR-26.  That form instructed him to "[s]tate in detail the reason(s) for this appeal" and to "clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision."  The form warns, accompanied by a large exclamation point, that the "Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing."  Flores-Evangelista stated only that his "[a]ttorney did not present

withholding matter" and "did not present police report given to her to the Court."

The form also asked whether he intended to file a separate brief or statement. The form warned, with another large exclamation point, that if he marked "Yes" but failed to do so, the "Board may summarily dismiss your appeal." Flores-Evangelista indicated that he would file a brief but failed to do so within the set briefing schedule.

Predictably, the Board summarily dismissed Flores-Evangelista's appeal under 8 C.F.R. § 1003.1(d)(2)(i)(A) and (E). The Board noted that the Notice of Appeal "does not contain statements that meaningfully apprise the Board of specific reasons underlying the challenge to the Immigration Judge's decision" and that Flores-Evangelista did not file a brief or reasonably explain his failure to do so.

Flores-Evangelista now petitions for review of the Board's decision, arguing that the Board abused its discretion in summarily dismissing his appeal.[1] This court has held that summary dismissal is appropriate "when a petitioner fails to apprise the Board of the specific grounds for his appeal, whether by specifying the reasons in the notice of appeal *or* by submitting an additional statement or brief." *Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998)

---

[1] We review the Board's summary disposition of a petitioner's case for an abuse of discretion. *Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006).

(quotation omitted).  Flores-Evangelista has done neither here, so we deny the petition.

Flores-Evangelista does not contest that he failed to submit an additional statement or brief.  Instead, he argues that the Board failed to give adequate consideration to his claim that his former counsel was deficient.  As he sees it, had he enjoyed the benefit of adequate counsel, he would have submitted additional evidence that would have shown him to be eligible for withholding of removal.

Flores-Evangelista's cursory statements in his Notice of Appeal were inadequate to apprise the Board of his challenge to the Immigration Judge's decision.  His statements that his "[a]ttorney did not present withholding matter" and "did not present police report given to her to the Court" are sufficient to apprise the Board that he was challenging the actions of his attorney, but they are too vague to indicate which actions of his attorney that he was challenging or how they relate to the Immigration Judge's decision.  It is entirely speculative what "withholding matter" is or how it would demonstrate his entitlement to relief.  The same is true of the police report; the notice does not apprise the Board of what the police report shows or how it supports his claims.  Moreover, the notice lacks citations to supporting legal authority that would be necessary to apprise the Board of the nature of his claims.  Without a separate brief explaining the grounds for his appeal, it would be impossible for the Board to identify, review, and (if necessary) correct the errors of the Immigration Judge.  Accordingly, the

22-11691                Opinion of the Court                 5

Board did not abuse its discretion in summarily dismissing the appeal.

**PETITION DENIED.**