[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14001

Non-Argument Calendar

_____

OLUMIDE OGUNREMI,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A062-115-354

_____

2                    Opinion of the Court                    22-14001

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Olumide Ogunremi, *pro se*, faces removal to Nigeria after being convicted of a serious crime. An immigration judge denied his petition for asylum and the Board of Immigration Appeals summarily dismissed his appeal. He now asks us to review the Board's dismissal. Because he did not raise the core issue or his arguments before the Board, he did not exhaust his administrative remedies. So we cannot review the Board here. And even if we could, summary dismissal was appropriate because Ogunremi did not apprise the Board of the specific grounds for his appeal.

**I.**

Over a decade ago, Ogunremi became a lawful permanent resident of the United States. Months after the United States granted him this status, he participated in a hacking and identity theft scheme. He was convicted of conspiracy to commit wire fraud. As a result, his status in the United States became precarious.

The Department of Homeland Security charged Ogunremi with inadmissibility, since he was a noncitizen convicted of a crime involving moral turpitude. But Ogunremi said he feared persecution and torture in Nigeria. So he sought asylum and related relief. After a hearing, an immigration judge denied all his requested relief and ordered that he be removed to Nigeria.

Ogunremi filed a notice of appeal with the Board of Immigration Appeals. As his reason for the appeal, he simply said the

immigration judge erred and then summarized the immigration judge's reasoning. He said that he planned to submit a separate written brief. He did not do so.

The Board summarily dismissed his appeal because he identified no alleged errors in the immigration judge's decision. This petition followed.

## II.

We assess de novo whether a petitioner has exhausted his arguments before the Board of Immigration Appeals. *Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We review the Board's summary dismissal of an appeal for abuse of discretion. *Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006).

## III.

We can review a final order of removal only if, in part, "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). *See also Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023)(exhaustion requirement is not jurisdictional but will be applied where raised). We have held that "[a] petitioner has not exhausted a claim unless he has both raised the 'core issue' before the [Board] and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (citation omitted). We have suggested that a petitioner can identify the core issue and discrete arguments in *either* his briefing or his notice of appeal. *See*

*Esponda*, 453 F.3d at 1322. But merely asserting general grounds that the immigration judge erred, without offering further argument, does not satisfy this obligation. *Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998).

On the merits, summary dismissal is appropriate when a petitioner merely asserts that an immigration judge erred, without identifying the alleged errors and explaining *why* they should be considered errors. *See Bonne-Annee v. I.N.S.*, 810 F.2d 1077, 1078 (11th Cir. 1987). "Otherwise the [Board] is left to speculate whether petitioner challenges erroneous findings of fact or law, or both." *Id.*

The crux of each inquiry is essentially the same: did the petitioner properly raise and explain his alleged grounds for reversal? In this case, the answer to both questions is "no."

Ogunremi did not file a brief before the Board, even though he said he intended to. So we are limited to a review of his notice of appeal. But the entirety of Ogunremi's cleaned-up notice of appeal does not identify any alleged legal or factual errors in the immigration judge's decision:

> I believe the Immigration Judge erred in his decision on June 17th, 2022. He said he found my claim about the death of my brother somewhat credible, but he felt that due to my criminal conviction he would have to take my evidence lightly, and regardless of what my evidence showed, and since I was filing for relief under the CAT (convention against torture) he made it seem like my felony conviction does not make me qualify.

22-14001                  Opinion of the Court                       5

Even assuming a petitioner can exhaust by filing a notice of appeal without a supporting brief, Ogunremi did not do so here. The notice of appeal is not exactly accurate. The immigration judge found Ogunremi credible and denied his petition on the merits, concluding that he failed to show a clear probability that he would face torture in Nigeria. But, more to the point, after saying the immigration judge erred, Ogunremi's notice of appeal merely summarizes what he believes to be the immigration judge's reasoning. True, the general tenor of his summary suggests that he disagrees with that reasoning. But he does not actually offer any legal or factual basis for why the Board ought to reverse the immigration judge. What did the immigration judge do wrong? And why should the Board think so? The notice of appeal doesn't say.

A *pro se* petitioner needn't do much to exhaust his arguments and prevent a summary dismissal. But, to review an immigration judge's decision, the Board must be given enough to fairly comprehend a petitioner's grounds for appeal and his arguments. *See Bayro*, 142 F.3d at 1379. It didn't have that here.

## IV.

Because Ogunremi offered only general grounds for his appeal, he did not exhaust his administrative remedies. So we cannot hear his petition from the Board. And even if we could, the Board of Immigration Appeals was within its discretion when it dismissed his case for the same reasons. So the petition for review is **DENIED**.