[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14108

Non-Argument Calendar

_____

JOSE CONCEICAO SANTOS,
LUCIENE DOS SANTOS-GOMES,
VERONICA DOS SANTOS-GOMES,
JOSE VICTOR CONCEICAO-SANTOS,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-286-839

_____

Before JORDAN, NEWSOM, AND DUBINA, Circuit Judges.

PER CURIAM:

Petitioners Jose Conceicao-Santos and his children seek review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal of the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").[1]  In his petition, Conceicao-Santos argues that the BIA erred in summarily dismissing his appeal because the statements in his notice of appeal ("NOA") were sufficient to apprise the BIA of the reasons for his appeal.  Having read the parties' briefs and reviewed the record, we deny the petition for review.

**I.**

---

[1] Conceicao-Santos's son and stepdaughter are derivative beneficiaries of his asylum claim but did not file their own claims for relief from removal, so we primarily focus on Jose Conceicao-Santos's claims and arguments.  Because Conceicao-Santos and his partner, Lucina Dos Santos Gomez, are unmarried, she filed a separate application that also included both children as riders, though Gomez's and Conceicao-Santos's applications proceeded together below.

We review "only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1142 (11th Cir. 2010).

We review the BIA's decision to summarily dismiss an appeal under 8 C.F.R. § 1003.1(d)(2)(i) for an abuse of discretion. *Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006). Under this standard, our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

## II.

Under 8 C.F.R. § 1003.1(d)(2)(i)(A), the BIA "may summarily dismiss any appeal" where the petitioner "fails to specify the reasons for the appeal" on the notice of appeal or other documents filed with the notice of the appeal. *Id.* In other words, "when a petitioner fails to apprise the [BIA] of the specific grounds for his appeal, whether by specifying the reasons in the [NOA] or by submitting an additional statement or brief, summary dismissal is appropriate." *Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998) (internal quotation marks omitted). "The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i)." 8 C.F.R. § 1003.3(b). "The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." *Id.* "If a question of law is presented, supporting authority must be cited." *Id.* "If the

dispute is over the findings of fact, the specific facts contested must be identified." *Id.*

In *Esponda*, we held that the BIA abused its discretion when, without determining whether an NOA adequately set forth the basis for the petitioners' appeal, it "summarily dismissed the appeal solely because petitioners indicated on the [NOA] that they would file a supplementary brief and then failed to do so and failed to offer an explanation for not filing a brief." 453 F.3d at 1322. We granted the petition for review and remanded for the BIA to determine whether the grounds in the petitioners' NOA were "adequate to apprise the BIA of the basis for their appeal." *Id.* at 1323. However, in *Bonilla v. U.S. Att'y Gen.*, 853 F. App'x 365, 367 (11th Cir. 2021), a panel of our court affirmed the BIA's summary dismissal of an appeal where the petitioner indicated that she did not intend to file a supplemental brief, and she did not adequately apprise the BIA of the basis for her appeal in her NOA. The court noted that "[a]n argument must provide information sufficient to enable the BIA to review and correct any errors below, and unadorned, conclusory statements do not satisfy the exhaustion requirement." *Id.* (quoting *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (brackets and quotations omitted).

### III.

Conceicao-Santos applied for asylum, withholding of removal and CAT protection based on his membership in a particular social group. In support of his application, Conceicao-Santos included his own affidavit, the U.S. State Department 2021 Country

Report on Human Rights Practices Brazil, along with other reports that indicated widespread acts of corruption by government officials. At an initial hearing, Conceicao-Santos and Gomez conceded removability. After a merits hearing, the IJ issued an oral decision denying their claims. The IJ found that while their experiences were unfortunate, these experiences failed to rise to the level of persecution. The IJ also found that they failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. As to Conceicao-Santos's purported social group, the IJ noted that he failed to provide sufficient information about the group to meet the criteria established by the BIA. As to Gomez's proposed group, Conceicao-Santos's family, the IJ found that she failed to establish this cognizable social group. The IJ also found that they did not establish eligibility for relief under CAT and ordered their removal.

Conceicao-Santos filed a NOA, indicating that he was appealing on behalf of himself, his children, and his wife, Gomez. The form asked the applicant to state in detail the reasons for the appeal, and below the space provided for an answer, there is a warning statement that informs the applicant to clearly explain the specific facts and law on which the appeal is based. It further states that the BIA can summarily dismiss the appeal if it cannot determine the basis of the appeal. Conceicao-Santos checked the "no" box asking if he desired oral argument before the BIA, and he also checked "no" on the box asking if he intended to file a separate written brief or statement. The BIA summarily dismissed the appeal under 8 CFR § 1003.1(d)(2)(i)(A) stating that the application

did not contain statements that meaningfully apprised the BIA of the specific reasons underlying the challenge to the IJ's decision. The BIA further noted that Conceicao-Santos declined to file a supplemental written brief.

## IV.

In his petition, Conceicao-Santos contends that the BIA erred by summarily dismissing his appeal because he apprised the BIA of the reasons for challenging the IJ's decision. However, the record demonstrates that the BIA did not abuse its discretion in denying Conceicao-Santos's appeal because the BIA properly determined that Conceicao-Santos failed to specify the reasons for his appeal in his NOA. The applicable regulations state that an appealing party must identify the reasons for the appeal in the NOA to avoid summary dismissal, citing supporting authority for legal issues and specific facts for factual issues. In his NOA, Conceicao-Santos raised only a challenge to the IJ's finding that he failed to show a well-founded fear of future persecution because he failed to show that he would be tortured with the consent of the Brazilian government if he returned to Brazil. Like the applicant in *Bonilla*, Conceicao-Santos's NOA referenced only one of the IJ's findings, did not point to any specific legal or factual errors, and failed to challenge other dispositive findings by the IJ.

The BIA regulations are clear, as is the NOA form, that an insufficiently supported argument may lead to dismissal of an appeal. We conclude, based on the record, that Conceicao-Santos failed to sufficiently apprise the BIA of his challenges to the IJ's

decision, and the BIA did not abuse its discretion by following its regulations and summarily dismissing his appeal. Accordingly, based on the aforementioned reasons, we deny the petition for review.

**PETITION DENIED.**