UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1645

FRANCIS BOVOVO,

Petitioner,

versus

JOHN D. ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-243-250)

Argued: September 28, 2004          Decided: December 17, 2004

Before MICHAEL and MOTZ, Circuit Judges, and Henry E. HUDSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Petition granted by unpublished per curiam opinion.

**ARGUED:** Bokwe Godwill Mofor, Silver Spring, Maryland, for Petitioner. Jamie M. Dowd, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent. **ON BRIEF:** Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wendtland, Assistant Director, Michelle R. Thresher, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Petitioner, Francis Bovovo ("Bovovo"), seeks review of an Order of the Board of Immigration Appeals ("Board") denying his Motion to Reconsider the Board's summary dismissal of his appeal for failure to file a brief. For the following reasons, we grant the petition, vacate the Board's Order denying Bovovo's Motion to Reconsider, and remand to the Board for further findings consistent with this opinion.

Bovovo, a native and citizen of Cameroon, arrived in the United States in April 2002. Immediately upon his arrival, the United States detained Bovovo and commenced removal proceedings. Bovovo conceded removability and sought relief in the form of political asylum, withholding of removal, and protection under the Convention Against Torture. After a hearing on the merits of Bovovo's asylum-related applications, the Immigration Judge issued an oral decision denying all relief.[1]

Bovovo timely appealed the decision of the Immigration Judge to the Board by submitting a Notice of Appeal ("Form EOIR-26"). Item 4 on Form EOIR-26 conspicuously states that "[t]he failure to

---

[1]The Immigration Judge noted several inconsistencies in Bovovo's testimony and his statements to immigration officials when he attempted to enter the United States, and found him to be an incredible witness. The Immigration Judge also found, in sum, that, even if the credibility findings were to be reversed by a higher court, Bovovo did not meet his burden of demonstrating that he had a well-founded fear of persecution or that there was a clear probability of him being tortured if he was returned to Cameroon.

2

specify the factual or legal basis for the appeal may lead to a summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the board." In the space below this warning, Bovovo stated in some detail his reasons for appealing the decision of the Immigration Judge.[2]

In addition, Bovovo checked the box on Item 6 of Form EOIR-26 indicating that he "will" file a separate written brief in support of his appeal. According to Bovovo, this was done inadvertently. A conspicuous warning appears directly beneath Item 6 stating that the appeal "may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure."[3]

On November 4, 2002, the Board sent Bovovo a transcript of the testimony from the hearing, a copy of the decision of the Immigration Judge, and a briefing schedule indicating that Bovovo's brief was due on November 25, 2002. On the briefing schedule was another warning reminding Bovovo that "[i]f you fail to file the

---

[2] In three separate paragraphs in the space provided on Form EOIR-26, Bovovo appears to identify findings of fact and conclusions of law that are challenged. In addition, Bovovo supports his contentions with case law.

[3] Bovovo signed and dated the form on the signature line located directly beneath the warning for Item 6.

brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal."

It is undisputed that Bovovo never filed an appeal brief, never inquired about the status of his case, and never informed the Board of any intent not to file a brief. On January 22, 2003, the Board summarily dismissed Bovovo's appeal citing 8 C.F.R. 3.1(d)(2)(i)(E) (now set forth at 8 C.F.R. 1003.1(d)(2)(i)(E) (2003)), which permits the Board to summarily dismiss an appeal when a brief is not filed after a party indicates that one will be filed. No other reason for the summary dismissal was given.[4] Bovovo explained that, because he had detailed the factual and legal basis of the appeal and provided controlling authorities on Form EOIR-26 , he deemed it unnecessary to file a separate brief.

Bovovo filed a Motion to Reconsider on January 30, 2003. On May 1, 2003, the Board denied Bovovo's Motion to Reconsider. The instant appeal was filed on May 28, 2003. We note that Bovovo dedicates a significant portion of his brief to rearguing the merits of his asylum-related claims. However, the only issue

---

[4]The entire Order states, "The appeal is dismissed. The appellant checked Box 6 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure."

4

properly before us is whether the Board abused its discretion in denying Bovovo's Motion to Reconsider.[5]

A decision to grant a motion to reconsider is within the discretion of the Board. 8 C.F.R. § 1003.2(a). A motion to reconsider "shall state the reasons for the motion by specifying errors of fact and law in the prior board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Here, in denying Bovovo's motion, the Board stated only that, "[t]he failure to file a brief in a timely manner is an adequate basis upon which to dismiss an appeal. We did so and see no error in that decision. Accordingly, the motion to reconsider is denied." Thus, the issue before the Court, at core, is whether the Board has the authority to summarily dismiss an immigrant's appeal for failure to file a brief, even when the Board is otherwise properly informed of the reasons for the appeal.

---

[5]It is apparent to this Court that Bovovo desires to relitigate the merits of his case on appeal by asking us to review the Board's initial Order of January 22, 2003. However, the issues resolved in that proceeding are not properly before this Court. A deportee must file his petition for appeal within thirty days of a final order. 8 U.S.C. § 1252(b)(1). The time limitation is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reconsider does not toll the running of the limitation period. Id. at 394. In the present case, after Bovovo failed to file his brief, the Board issued its order of dismissal on January 22, 2003. Thus, Bovovo was required to file his appeal by February 22, 2003. The instant appeal was filed on May 28, 2003. Consequently, the appeal is not timely as to the Board's original order, and may only be considered by us in the context of the Board's denial of the Motion to Reconsider ordered on May 1, 2003.

There are two sections of the INS regulations pertinent to the issue at hand. First 8 C.F.R. § 1003.3(d)(2)(i) expressly grants the Board authority to summarily dismiss appeals for any one of eight (8) different reasons. 8 C.F.R. § 1003.3(d)(2)(i)(A – H). One of those reasons includes when "[t]he party concerned indicates on Form EOIR-26 . . . that he . . . will file a brief or statement in support of the appeal and thereafter does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E). However, 8 C.F.R. § 1003.3(b) states that "[a] party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i)." In addition, § 1003.3(b) states the specific requirements necessary to avoid summary dismissal and adequately apprise the Board of the nature of the appeal.[6]

Based upon this language, one could argue that a sufficient statement of reasons in the notice of appeal would serve to prevent

---

[6]"The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified. Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged." 8 C.F.R. § 1003.3(b).

summary dismissal only under subsection (A) of § 1003.1(d)(2)(i), which permits dismissal when reasons for the appeal are not specified in the notice. However, in this Court's view, a better reading, implicit in the plain language of § 1003.3(b) and the purpose of the regulations, is that a sufficient statement of reasons in the notice of appeal prohibits summary dismissal based upon any of the reasons set forth in § 1003.1(d)(2)(i), including dismissal for failure to file a brief.[7] In other words, summary dismissal for failure to file a brief is only appropriate where the alien checks Item 6 that he will file a separate brief and the reasons for the appeal stated in the required section on Form EOIR-26 do not comport with the requirements of § 1003.3(b) and do not adequately notify the Board of the reasons for the appeal.[8]

In dismissing Bovovo's appeal and subsequent Motion to Reconsider, the Board abused its discretion by basing its decisions

---

[7]At the very least, the limiting language in § 1003.3(b) creates ambiguity as to whether an appeal may be dismissed for failure to file a brief when the alien has adequately stated the reasons for the appeal on Form EOIR-26, and "lingering ambiguities in deportation laws must be construed in favor of the alien." INS v. St. Cyr, 533 U.S. 289, 320 (2001).

[8]We note that the seminal case on the narrow point of law at issue is Casas-Chavez v. INS, 300 F.3d 1088 (9th Cir. 2002), in which the Ninth Circuit held that a petitioner's satisfaction of the specificity requirement in § 1003.3(b), despite the failure to file a promised brief, is sufficient to prevent summary dismissal of an appeal because it provides the Board with the requisite notice. The other circuits that have interpreted or have provided a judicial gloss to the principle espoused by the Ninth Circuit, including the cases cited by Appellee, have not been faced with the particular issue at hand or have distinguished it on the facts.

solely on Bovovo's failure to file a brief after checking the box in Item 6 stating that he would do so. In both decisions, the Board failed to even mention, much less analyze for sufficiency, Bovovo's stated reasons for the appeal on Form EOIR-26. Consequently, we are unable to determine whether the Board was adequately informed of Bovovo's legal and factual contentions on appeal. The Supreme Court has counseled courts of appeals to refrain from rendering their own findings of fact or resolving issues not yet considered by the Board. See INS v. Ventura, 537 U.S. 12, 16 (2002). Rather, "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." Id. Accordingly, we grant Bovovo's petition, vacate the Board's Order, and remand for the Board to consider whether Bovovo's Notice of Appeal sufficiently states the basis for his appeal under the standards set forth in 8 C.F.R. § 1003.3(b). If the basis for Bovovo's appeal is sufficiently stated on the Notice of Appeal, the Board should consider the merits of his appeal.

PETITION GRANTED