[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13875

_____

BIA Nos. A79-474-675 & A79-474-676

ILIAN ESPONDA,
ROSALBA HERLINDA RINCON,
ADRIAN C. ESPONDA,
JUAN F. ESPONDA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 28, 2006)**

Before DUBINA  and KRAVITCH, Circuit Judges and MILLS[*], District Judge.

---

[*] Honorable Richard Mills , United States District Judge for the Central District of
Illinois, sitting by designation.

KRAVITCH, Circuit Judge:

The primary issue presented in this petition for review is whether the Board of Immigration Appeals ("BIA") abused its discretion by summarily dismissing an appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E) solely because a petitioner indicated on the Notice of Appeal that he would file a brief and then failed to file a brief or offer an explanation for failing to do so.

## I. Background

Ilian Esponda, his wife and two children, natives and citizens of Colombia, sought review of an Immigration Judge's order denying them asylum, withholding of removal and relief under the United Nations Convention Against Torture . They filed a Notice of Appeal, Form EOIR-26 ("Notice of Appeal") with the BIA. The Notice of Appeal asks petitioners to "clearly explain the specific facts and law on which you base your appeal," warning that "[t]he Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing." In addition, 8 C.F.R. § 1003.3(b) states:

> The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i). . . . The appellant must also indicate in the Notice of Appeal . . . whether he or she will be filing a separate written brief or statement in support of the appeal. . . ."

2

The Espondas set out in detail the grounds for their appeal on the Notice itself. They also marked a box in item #8 of the Notice of Appeal indicating that they would "file a separate written brief or statement after filing th[e] Notice of Appeal." The following bolded language appeared directly below the box the Espondas marked:

> **WARNING: If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.**

Almost a year later, the Executive Office for Immigration Review ("EOIR") served the Espondas with a notice of the briefing schedule for their appeal. The briefing schedule notice indicated that their supporting brief was due on March 17, 2005, and again warned that if the Espondas indicated on the Notice of Appeal that they would file a brief or statement, failure to do so by the deadline indicated on the briefing schedule may result in the BIA summarily dismissing their appeal.

Ultimately, the Espondas failed to file any supplementary material with the BIA, and the BIA summarily dismissed their appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E), which provides that:

> A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do

3

so, within the time set for filing.

The Espondas now petition this court for review.

## II. Standard of Review

Previously, we have reviewed the BIA's summary dismissal of an appeal to determine if the dismissal was "appropriate," without articulating the precise standard of review. See Bayro v. Reno, 142 F.3d 1377, 1379 (11th Cir. 1998); Bonne-Annee v. INS, 810 F.2d 1077, 1078 (11th Cir. 1987) (per curiam). Because the regulation at issue here, 8 C.F.R. § 1003.1(d)(2)(i)(E), indicates that the BIA "may" summarily dismiss an appeal, it vests discretion in the BIA. Thus, we review the BIA's application of the regulation to summarily dismiss the Espondas' appeal for abuse of discretion. See Singh v. Gonzales, 416 F.3d 1006, 1009 (9th Cir. 2005); Rioja v. Ashcroft, 317 F.3d 514, 515 (5th Cir. 2003).

## III. Discussion

The Espondas argue that the BIA abused its discretion by summarily dismissing their appeal on the basis of 8 C.F.R. § 1003.1(d)(2)(i)(E) because they sufficiently apprised the BIA of the specific grounds for their appeal on the Notice of Appeal form. The Espondas concede that they did not file a supplementary brief or advise the BIA of their reasons for failing to do so.

Although this is matter of first impression in this circuit, we touched on the relevant issue in Bayro v. Reno. In Bayro, as in the instant case, the petitioners had

4

indicated they would file a supplemental brief on their Notice of Appeal and then failed to do so. Id. at 1378. Unlike the instant case, however, the Bayro petitioners gave only general reasons supporting their appeal on the Notice of Appeal. Id. at 1379. Although the Bayro court ultimately affirmed the BIA's summary dismissal of the petitioners' appeal, the court did not rest its affirmance on § 1003.1(d)(2)(i)(E). Id. Instead, although § 1003.1(d)(2)(i)(E) was in effect at that time, the court stated the prior standard: when a petitioner "fails to apprise the Board of the specific grounds for his appeal, whether by specifying the reasons in the notice of appeal or by submitting an additional statement or brief, summary dismissal is appropriate." Id. (quoting Bonne-Annee, 810 F.2d at 1078) (emphasis in original). Thus, we suggested in Bayro that the above standard survived the enactment of § 1003.1(d)(2)(i)(E). Until now, however, we have not squarely addressed the question of whether the failure to submit a supplementary brief would alone justify summary dismissal even in cases where petitioners adequately set out the basis for their appeal on the Notice of Appeal.

In considering this very question, the Ninth Circuit held summary dismissals appropriate only where a petitioner has failed to apprise the tribunal of the grounds for his appeal with sufficient specificity, whether by submitting a supplementary brief or by adequately stating his grounds for appeal on the Notice of Appeal. See

5

Casas-Chavez v. INS, 300 F.3d 1088, 1090-92 (9th Cir. 2002).[1]  The Ninth Circuit

noted that an alternative interpretation of the regulation would raise constitutional

questions.  Id. at 1090 n.2; see also Garcia-Cortez v. Ashcroft, 366 F.3d 749, 753

(9th Cir. 2004) ("When an alien gives detailed reasons to support his appeal, either

in a separate brief or on the Notice of Appeal itself, summary dismissal under 8

C.F.R. § 1003.1(d)(2)(i)(E) violates the alien's due process rights as guaranteed by

the Fifth Amendment.").[2]

The Fifth Circuit, on the other hand, has held that the BIA is within its

statutorily designated discretion when it summarily dismisses an appeal after a

petitioner indicates on the notice of appeal form that a separate brief or statement

will be filed and then fails to submit such brief or statement or offer an explanation

before the filing deadline.  Rioja v. Ashcroft, 317 F.3d 514, 515-16 (5th Cir. 2003).

The Fifth Circuit, however, did not confront the precise question we face in the

instant case.  In Rioja, the BIA summarily dismissed the petitioner's appeal both

because the petitioner had failed to submit a separate brief as he had indicated he

would and because the notice of appeal failed to apprise the BIA adequately of the

---

[1] The Fourth Circuit joined the Ninth Circuit in an unpublished opinion. See Bovovo v. Ashcroft, 120 Fed. Appx. 936, 938-39 (4th Cir. 2004) ("In dismissing Bovovo's appeal and subsequent Motion to Reconsider, the Board abused its discretion by basing its decisions solely on Bovovo's failure to file a brief after checking the box in Item 6 stating that he would do so. In both decisions, the Board failed to even mention, much less analyze for sufficiency, Bovovo's stated reasons for the appeal on Form EOIR-26.").

[2] We note that the Espondas have not challenged the constitutionality of the regulation.

bases for his appeal.  Id. at 515.

Although 8 C.F.R. § 1003.1(d)(2)(i)(E) may appear clear on its face, it conflicts with 8 C.F.R. § 1003.3(b), which states that "[a] party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i)."  Thus, § 1003.3(b) can be interpreted to shield petitioners from summary dismissal so long as they adequately identify the basis for their appeal either on the Notice of Appeal or in a supplementary brief.  The conflict between these two provisions creates an ambiguity regarding whether the BIA may summarily dismiss an appeal in cases where, although petitioners have indicated that they will file a supplementary brief and then failed to do so or offer an explanation, they have fully apprised the Board of the basis for their appeal on the Notice of Appeal.

The Supreme Court  on several occasions has noted the longstanding principle that ambiguities in deportation laws should be construed in favor of the alien.  See, e.g., INS v. St. Cyr, 533 U.S. 289, 320 (2001); INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987).  In light of this principle, we hold that the BIA abused its discretion when, without determining whether the Notice of Appeal adequately set forth the basis for the petitioners' appeal, it summarily dismissed the appeal solely because petitioners indicated on the Notice of Appeal

7

that they would file a supplementary brief and then failed to do so and failed to offer an explanation for not filing a brief.

The Supreme Court has instructed that "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 16 (2002); see also Gonzales v. Thomas, 126 S.Ct. 1613, 1615 (2006). Accordingly, we **GRANT** the Espondas' petition for review and **REMAND** to the BIA for a determination of whether the grounds given on the Espondas' Notice of Appeal are adequate to apprise the BIA of the basis for their appeal.