

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2006

# Then v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4883

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Then v. Atty Gen USA" (2006). *2006 Decisions.* Paper 277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4883
_____

MARCELINO THEN,
                                             Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                             Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A43 502 149)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 20, 2006

BEFORE:  FISHER, ALDISERT and WEIS, CIRCUIT JUDGES.

(Filed: October 30, 2006)
_____

OPINION
_____

PER CURIAM

       An Immigration Judge (IJ) ordered Marcelino Then removed from the United

States for having been convicted of an aggravated felony.  For the same reason, the IJ also

found Then ineligible for cancellation of removal.  After the Board of Immigration

Appeals (BIA) dismissed Then's appeal for failure to file a brief, he petitioned this Court for review. We will grant Then's petition for review and remand for further proceedings.

A native of the Dominican Republic, Then entered the United States in 1992 as a lawful permanent resident. In October 1996, Then was convicted in New York for attempted criminal possession of cocaine in the third degree and was sentenced to five years probation. In December 2003 and February 2005, Then was also convicted in New York for criminal possession of marijuana in the fifth degree. Based on these convictions, the government charged Then with removability for having been convicted of an aggravated felony and a controlled substance offense.

Then appeared before the IJ for the first time on April 6, 2005, without an attorney. The IJ granted Then a few continuances to obtain counsel. When he appeared before the IJ without an attorney again on June 1, 2005, she denied any further continuances and ordered Then removed. The IJ also ruled that Then was ineligible for cancellation of removal because his October 1996 conviction constitutes an aggravated felony.

Still without counsel, Then filed with the BIA a timely notice of appeal indicating that he would submit a brief. When Then failed to file a brief, the BIA summarily dismissed his appeal. Then filed the current pro se petition for review with this Court. After we stayed Then's removal, the government moved to dismiss the petition for lack of jurisdiction or to summarily affirm the BIA's decision. A motions panel of the Court referred the government's motion to a merits panel and instructed the government to brief several issues. The matter is now fully briefed.

We will deny the government's motion to dismiss for lack of jurisdiction. According to the government, the BIA's decision summarily dismissing Then's appeal is within the BIA's discretion and does not implicate a "constitutional claim[] or question[] of law" subject to our review under 8 U.S.C. § 1252(a)(2)(D).[1]

We disagree because the BIA's decision implicates a reviewable question of law. The applicable regulation on which the BIA relied provides that the BIA "may summarily dismiss any appeal" in which the litigant indicates on his notice of appeal that he will file a brief but then "does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E). While this provision seemingly bestows some discretion on the BIA, this discretion is not unfettered. A companion regulation instructs that "in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i)," a party "must identify the reasons for the appeal in the Notice of Appeal." 8 C.F.R. § 1003.3(b); see Esponda v. United States Attorney General, 453 F.3d 1319, 1322 (11th Cir. 2006). In other words, any discretion granted to the BIA to summarily dismiss an appeal under § 1003.1(d)(2)(i) is limited by law to situations in which the notice of appeal does not identify the reasons for the appeal. See Esponda, 453 F.3d at 1322. Whether the BIA erred as a matter of law in dismissing an appeal under

---

[1]For the purpose of addressing the government's argument, we will assume without deciding that Then's criminal offenses are the type which restrict our jurisdiction to review a final order of removal. See 8 U.S.C. § 1252(a)(2)(C). Even so, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

this regulatory scheme thus presents a reviewable question of law. Cf. Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir. 2005) (distinguishing between unreviewable decision to grant discretionary relief and reviewable "purely legal" decision that alien is legally ineligible for discretionary relief).

Here, the BIA's order correctly states that Then indicated on his notice of appeal that he would file a brief. The order also correctly states that Then did not file a brief. The order then dismisses the appeal under § 1003.1(d)(2)(i)(E) without mentioning whether the notice of appeal "identifies the reasons for the appeal" as contemplated by § 1003.3(b). If the BIA had examined the notice of appeal, it would have seen Then's attempt to articulate his reasons for appeal. (A.R. at 13.) In a box designated for that specific purpose on Form EOIR-26, Then wrote that he has not been convicted of an aggravated felony, that he is eligible for cancellation of removal under Section 240A of the INA, and that the IJ's decision to the contrary is erroneous. (Id.)

On its face, the BIA's order does not acknowledge the regulation which restricts its discretion to summarily dismiss under § 1003.1(d)(2)(i)(E). We cannot discern from the order, however, whether the BIA considered the statement of reasons and properly exercised its discretion, or whether it committed a legal error by failing to consider Then's statement of reasons. See Esponda, 453 F.3d at 1322. Under these circumstances, we must remand to the BIA for further explanation. See Cruz v. Attorney General, 452 F.3d 240, 250 (3d Cir. 2006); Esponda, 453 F.3d at 1323. If on remand the BIA

4

determines that summary dismissal under § 1003.1(d)(2)(i)(E) is impermissible in light of § 1003.3(b), the BIA will consider the merits of Then's appeal.[2]

For these reasons, we will grant Then's petition for review and remand the matter for further proceedings. We will deny the government's motion to dismiss for lack of jurisdiction, and will deny as moot its request for summary action. We express no opinion on the merits of Then's claims.

---

[2]We acknowledge the government's argument that Then has waived any issues regarding the BIA's summary dismissal by failing to raise them in his brief. While we agree that Then's pro se brief does not adequately address the issues, we exercise our discretionary power under these circumstances to consider the issues. See Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005) (considering issues notwithstanding waiver). Throughout removal proceedings, Then has never been assisted by counsel. He appeared before the IJ and the BIA, and now appears before us, without an attorney. His command of written English is marginal; his understanding of the legal issues is minimal. These circumstances give us sufficient pause to decline the government's invitation to find that Then waived any arguments related to the BIA's summary dismissal of his appeal.