**Elliot Wycliff GRENADE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 07–4953–ag.**

United States Court of Appeals, Second Circuit.

April 29, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder Jr. is auto-matically substituted for Michael B. Mukasey as Respondent.

Robert M. Palumbos, Duane Morris LLP, New York, NY, (Anthony J. Costantini, Duane Morris LLP, Philadelphia, PA, on the brief), for Petitioner.

Susan Bennett Green (Gregory G. Katsas and Janice K. Redfern, on the brief), Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Elliot Wycliff Grenade, a native and citizen of Trinidad and Tobago, petitions for review of an October 15, 2007 order of the BIA summarily dismissing his appeal from the August 2, 2007 decision of the Immigration Judge ("IJ") denying his application for relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996), and ordering him removed. *In re Elliot Wycliff Grenade*, No. A36 479 546 (B.I.A. Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA summarily dismissed Grenade's appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), noting that he had "failed to specify the reasons for his appeal on his Notice of Appeal, Form EOIR–26, or any other document" and that "[n]otwithstanding having been advised, by letter dated September 6, 2007, that he needed to file a brief by September 27, 2007, [he] did not do so by that date."

This Court has not articulated the standard of review it applies to the BIA's decision to dismiss summarily a case under 8 C.F.R. § 1003.1(d)(2). Many of our sister circuits have adopted the abuse-of-discretion standard. *See, e.g., Esponda v. U.S. Attorney Gen.*, 453 F.3d 1319, 1321 (11th Cir.2006); *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir.2005); *Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir.2003) (per curiam); *Nazakat v. INS*, 981 F.2d 1146, 1148 (10th Cir.1992). Regardless, we need not decide whether the appropriate standard is review for abuse of discretion or some more stringent standard, as the BIA's decision cannot withstand scrutiny under even the deferential abuse-of-discretion standard.

An abuse of discretion exists when "(1) [a] decision rests on an error of law … or a clearly erroneous factual finding or (2) [a] decision … cannot be located within the range of permissible decisions." *Dedji v. Mukasey*, 525 F.3d 187, 191–92 (2d Cir. 2008).

In this case, the BIA identified only § 1003.1(d)(2)(i)(A) (providing that the BIA may summarily dismiss an appeal where the party concerned fails to adequately specify the reasons for the appeal), and not 8 C.F.R. § 1003.1(d)(2)(i)(E) (providing that the BIA may summarily dismiss an appeal where the party concerned fails to file a brief within the time set for filing), as the authority pursuant to which the appeal was summarily dismissed. Nonetheless, the BIA appears to have relied, at least in part, on the fact that Grenade failed to submit a timely brief despite having been advised of the briefing schedule.

The BIA's conclusion that Grenade had been advised of the briefing schedule was

**90**

clearly erroneous because the briefing schedule was sent to an incorrect address. Grenade's notice of appeal and documents filed therewith indicated that he was detained at that time and provided two different—necessarily conflicting—addresses. One of those addresses was for the Ogdensburg Correctional Facility in Ogdensburg, New York; the other address did not indicate that it was for a correctional facility. But the BIA addressed the briefing schedule to neither of the addresses provided by Grenade. Rather, the BIA mailed the notice to an amalgam of the two addresses, taking the name of the detention facility from one of the provided addresses and the street address, city, state, and ZIP code from the other. Although we agree with Respondent that the BIA may rely on the last address provided by Petitioner and is not required to confirm independently the accuracy of the last provided address, in this case, the BIA did not rely on a last provided address. In these circumstances, where it was clear from the addresses that were simultaneously provided to the BIA that Grenade could not have been detained at "OGB" in Danville, Virginia, it was erroneous for the BIA to conclude that Grenade had been advised of the briefing schedule.

Because the BIA's decision to summarily dismiss Grenade's appeal appears to have rested, to some degree, on an erroneous finding of fact, and because we cannot know whether the BIA would have exercised its discretion in the same way absent that erroneous fact, we must vacate the

BIA's order and remand the case for further proceedings.[2]

Accordingly, the petition for review is **GRANTED,** the BIA's decision is **VACATED,** and the case is **REMANDED.** As we have completed our review, the stay of removal that the Court previously granted in this petition is **VACATED,** and Petitioner's motion to supplement the record on appeal is **DENIED** as moot.

---

**2.** Petitioner has moved, pursuant to Fed. R.App. P. 16(b), to supplement the record on appeal with Grenade's Motion to Extend Time for Filing Brief that was purportedly filed with the BIA on October 14, 2007. Our disposition of this case, however, does not rely on the document with which Grenade seeks to supplement the record. Therefore, we

deny Petitioner's motion to supplement the record as moot.

