**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2470**

SARA NOHEMI RAMIREZ-PERALTA; K.S.C.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 18, 2020                    Decided:  December 2, 2020

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioners.  Joseph H. Hunt, Assistant Attorney General, Timothy G. Hayes, Senior Litigation Counsel, Sunah Lee, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sara Nohemi Ramirez-Peralta and her minor child, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) summarily dismissing their appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), (E) (2020). For the reasons set forth below, we deny the petition for review.

The Board may summarily dismiss any appeal in which the appellant "fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith;" or in which the appellant indicates "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Additionally, 8 C.F.R. § 1003.3(b) (2020) provides:

> Statement of the basis of appeal. The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i). The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified. Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

*Id.*

Based on our review of the record, we conclude that the Board was justified in summarily dismissing Petitioners' appeal and that no abuse of discretion occurred. *See Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006) (setting forth standard of review). Petitioners' attachment to Form EOIR-26 consisted of three short statements,

all of which set forth general and conclusory challenges to the IJ's decision. Petitioners did not dispute any of the IJ's specific factual findings or raise any legal challenges with supporting authority. *See* 8 C.F.R. § 1003.3(b). The Board was "left to reconstruct the IJ proceedings, infer factual error without knowledge of what precise error [wa]s complained of, and build the legal analysis from only general statements of legal conclusion." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 821 (9th Cir. 2003).

We further reject Petitioners' claim that the Board's summary dismissal procedure violated their rights to due process. We review legal issues de novo. *Velasquez v. Sessions*, 866 F.3d 188, 193 (4th Cir. 2017). The record reveals that Petitioners received proper notice of their obligation to apprise the Board of the bases for their appeal and that they were warned that failure to do so could result in the summary dismissal of the appeal. Despite this warning, Petitioners failed to set forth specific reasons for their appeal on the Form EOIR-26, file a separate brief or statement after indicating that they intended to do so, or otherwise provide the Board with any explanation for their failure to provide a brief. Under these circumstances, we conclude that Petitioners were "accorded an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., [to] receive a full and fair [adjudication of their] claims." *Rusu v. INS*, 296 F.3d 316, 321-22 (4th Cir. 2002) (setting forth requirements for bringing procedural due process claim in the immigration context).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3