**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1939**

RONY ESTUARDO GUDIEL POLANCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 9, 2021                                    Decided: March 16, 2021

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Rony Estuardo Gudiel Polanco, Petitioner Pro Se. Nelle Montgomery Seymour, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rony Estuardo Gudiel Polanco, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) summarily dismissing his appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) (2020).  For the reasons set forth below, we deny the petition for review.

The Board may summarily dismiss any appeal in which a party "fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith."  *Id*.  Additionally, 8 C.F.R. § 1003.3(b) (2020) provides:

> Statement of the basis of appeal.  The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i).  The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged.  If a question of law is presented, supporting authority must be cited.  If the dispute is over the findings of fact, the specific facts contested must be identified.  Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

*Id.*

Based on our review of the record, we conclude that the Board was justified in summarily dismissing Gudiel Polanco's appeal and that no abuse of discretion occurred. *See Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006) (setting forth standard of review).  When asked to list the reasons for his appeal on Form EOIR-26,

2

Gudiel Polanco provided only one general, conclusory sentence.[*] He did not dispute any of the immigration judge's specific factual findings or raise any legal challenges with supporting authority. *See* 8 C.F.R. § 1003.3(b). The Board was "left to reconstruct the IJ proceedings, infer factual error without knowledge of what precise error [wa]s complained of, and build the legal analysis from only general statements of legal conclusion." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 821 (9th Cir. 2003).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Gudiel does not challenge the Board's refusal to accept his untimely brief. Any such challenges are now waived. *See* 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (noting importance of Rule 34(b)).