[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12726
Non-Argument Calendar

_____

Agency No. A205-570-303

ARMANDO DIAZ-CHAVEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 21, 2021)

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Facing removal from the United States, Armando Diaz-Chavez, a native and

citizen of Mexico, applied for cancellation of removal and adjustment of status.  *See*

8 U.S.C. § 1229b(b). He contended that his removal would result in exceptional and extremely unusual hardship to his mother, who is a United States citizen. An immigration judge ("IJ") held a hearing on Diaz-Chavez's application and denied it, finding that he had not established the requisite hardship to be eligible for cancellation of removal. The IJ ordered him removed to Mexico.

Diaz-Chavez filed a notice of appeal from the IJ's decision to the Board of Immigration Appeals ("BIA"). But in the designated space on the notice-of-appeal form, he failed to "[s]tate in detail the reason(s) for this appeal," which the form warned was necessary to avoid summary dismissal. Instead, he wrote that he would "submit an additional brief explaining the detailed reason for the appeal." He also checked the box for "yes" when asked whether he intended to file a separate written brief. This question was followed by a warning that, if he answered "yes," the BIA may "summarily dismiss" the appeal if he did not file a brief or statement within the time limits set in a briefing schedule. The BIA then issued a briefing schedule, but Diaz-Chavez failed to file a brief or other statement on time or to seek an extension. So consistent with the warnings on the notice-of-appeal form, the BIA summarily dismissed the appeal for failure to meaningfully apprise the BIA of the reasons for appeal and to file a timely brief.

Diaz-Chavez now petitions this Court for review, arguing that the IJ erred in denying his application for cancellation of removal because he established the

2

requisite hardship to a qualifying relative.   But we are unable to consider his arguments challenging the merits of the IJ's decision because Diaz-Chavez did not exhaust those arguments by presenting them to the BIA.[1]  *See Jeune v. U.S. Att'y Gen.*, 801 F.3d 792, 800 (11th Cir. 2016) ("[W]hen a petitioner has neglected to assert an error before the BIA that he later attempts to raise before us, the petitioner has failed to exhaust his administrative remedies."); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").

Rather, our review is limited to the BIA's decision, which did not adopt the IJ's decision or findings or otherwise address the merits of Diaz-Chavez's application for cancellation of removal.  *See Jeune*, 810 F.3d at 799 ("When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the immigration judge's decision.").  Ordinarily, we review a BIA's summary dismissal for abuse of discretion.  *Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006).

---

[1] Even if these arguments had been exhausted, we would lack jurisdiction to review the IJ's hardship determination.  *See Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222–23 (11th Cir. 2006) (holding that we lack jurisdiction to review the "purely discretionary decision that a petitioner did not meet § 1229b(b)(1)(D)'s 'exceptional and extremely unusual hardship' standard").

Here, however, Diaz-Chavez does not address the BIA's reasons for summarily dismissing his appeal or state why he believes the BIA was wrong to dismiss it.  And "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that passing references to an issue are insufficient to raise a claim for appeal).  Accordingly, Diaz-Chavez has abandoned any argument that the BIA abused its discretion by summarily dismissing his appeal for failure to state the reasons for the appeal or to file a timely brief after indicating that he would.

Because we lack jurisdiction to consider the only argument Diaz-Chavez has raised for our review, we must dismiss his petition.

**PETITION DISMISSED.**