**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2866
_____

SANTOS E. ELIAS AGUILAR,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A204-758-242)
Immigration Judge: Jason L. Pope
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2021

Before: MCKEE, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: July 8, 2021)
_____

OPINION*
_____

PER CURIAM

Santos Elias Aguilar, proceeding pro se, petitions for review of an order of the

Board of Immigration Appeals (BIA) summarily dismissing his appeal. For the reasons

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that follow, we will deny the petition.

Aguilar is a native and citizen of Guatemala who entered the United States in 2007 at the age of 13. In 2019, he was charged with removability pursuant to 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States for a time longer than permitted. Aguilar conceded the charge, as well as the allegations in the Notice to Appear, which included a criminal conviction for contempt and pending criminal charges. The Immigration Judge (IJ) sustained the charge of removability. Aguilar filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. He also sought discretionary cancellation of removal. After a hearing, the IJ issued a decision denying all relief.

Aguilar appealed the IJ's decision to the BIA. In his notice of appeal (NOA), filed on March 2, 2020, Aguilar did not specify any legal or factual basis for his appeal. He indicated that he was unable to prepare a brief because he did not have a written copy of the IJ's oral decision, but that he would be "submitting a brief at a schedule [sic] date." A.R. at 74. A briefing schedule was issued on May 14, 2020, indicating that briefs had to be submitted to the BIA by June 4, 2020. On June 9, 2020, Aguilar filed a submission with the BIA, which included a letter requesting an extension of time to file a brief. In that letter, Aguilar, who was in the custody of Immigration and Customs Enforcement and held at the Essex County Correctional Facility (ECCF), maintained that the law library was closed due to COVID-19, and therefore he could not access a typewriter. A.R. at 14. The submission was returned to Aguilar as "unfiled" because it did not include proof of service. Aguilar sent the same submission back to the BIA with a

2

certificate of service, which he asserted was indeed part of his initial submission. He provided various documents in support of his appeal, but he did not include any arguments addressing the IJ's decision.

The Board issued a decision denying the extension request and summarily dismissing the appeal based on Aguilar's failure to specify his reasons for the appeal on Form EOIR–26, see 8 C.F.R. § 1003.1(d)(2)(i)(A), and his failure to file a brief, see 8 C.F.R. § 1003.1(d)(2)(i)(E). The Board specifically noted that, even assuming Aguilar's June 9, 2020 filing had included a certificate of service, the extension request would have been denied because it was untimely filed. Aguilar timely petitioned for review in this Court.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's summary dismissal of an appeal for an abuse of discretion. See Uddin v. Att'y Gen., 870 F.3d 282, 288 (3d Cir. 2017). "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (citation and internal quotation marks omitted).

The BIA regulations require an appealing party to "identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto," as well as to "identify the findings of fact, the conclusions of law, or both, that are being challenged." 8 C.F.R. § 1003.3(b). The BIA "may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26 . . . (Notice[ ] of Appeal) or other document filed therewith." Id.

3

§ 1003.1(d)(2)(i)(A).  The NOA form contains an explicit warning advising aliens that the appeal may be summarily dismissed if they fail to "clearly explain the specific facts and law" on which the appeal is based.  A.R.at 75.  Aguilar indicated on his NOA that he could not specify any reasons for his appeal because he did not have a written copy of the IJ's oral decision.  A.R. at 75.  But in compliance with the BIA's practice, the IJ rendered his decision orally and recited it in Aguilar's presence, and, prior to filing his NOA, Aguilar was served with a copy of the Summary Order, summarizing the IJ's decision. See BIA Practice Manual, § 4.2(a)(i) (Feb. 20, 2020).  It cannot be said that the Board abused its discretion in summarily dismissing the appeal pursuant to § 1003.1(d)(2)(i)(A), where, despite being notified of the requirements, Aguilar wholly failed to allege any errors with the IJ's decision in the NOA.  Notably, even after receiving a transcript of the decision, Aguilar did not file any document with the Board advising it of a basis for appeal.  See id., § 4.2(d).

The BIA may also summarily dismiss an appeal if "[t]he party concerned indicates on Form EOIR-26 . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, *within the time set for filing*."  Id. § 1003.1(d)(2)(i)(E) (emphasis added). The NOA form contains an explicit warning to this effect.  A.R. at 75.  Aguilar indicated in his NOA that he would be filing a brief, but his request for an extension of time to file a brief was untimely.[1]  The BIA did not discuss Aguilar's basis for the delay – that the

---

[1] Although the request for an extension of time was delivered to prison officials at ECCF for mailing four days before the filing deadline, the BIA does not observe a "mailbox"

4

law library was closed due to COVID-19.  But Aguilar did not state why his inability to access the law library precluded him from submitting a brief, other than to assert that it prevented access to a typewriter which would make his brief "acceptable" and "look better presented."  And, in any event, the BIA's alternative determination under § 1003(d)(2)(i)(A) was sufficient by itself to support summary dismissal.  See 8 C.F.R. §1003.3(b); cf. Esponda v. Att'y Gen., 453 F.3d 1319, 1322 (11th Cir. 2006) (holding that the BIA may not summarily dismiss an appeal under § 1003.1(d)(2)(i) unless the notice of appeal fails to identify the reasons for the appeal).

Based on the foregoing, we will deny the petition for review.

---

rule and does not consider a motion filed until the BIA has received it.  See BIA Practice Manual, § 3.1(a)(i).