# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

_____

### No. 21-1360

_____

SHANE RAYON ANTHONY FORRESTER,

      Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  February 22, 2022                Decided:  March 15, 2022

_____

Before NIEMEYER, KING, and RUSHING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Carmen Boykin, BOYKIN LAW FIRM PLLC, Alexandria, Virginia, for Petitioner.  Brian M. Boynton, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shane Rayon Anthony Forrester, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals (Board) summarily dismissing his appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), (E) (2021). For the reasons set forth below, we deny the petition for review.

The Board may summarily dismiss any appeal in which the appellant "fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith;" or in which the appellant indicates "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Additionally, 8 C.F.R. § 1003.3(b) (2021) provides:

> Statement of the basis of appeal. The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i). The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified. Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

*Id.*

Upon review, we conclude that the Board was justified in summarily dismissing Forrester's appeal and that no abuse of discretion occurred. *See Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006) (setting forth standard of review). Forrester received proper notice of his obligation to reasonably explain his failure to file a timely

brief and to apprise the Board of the bases for his appeal, and was warned that failure to do so could result in the summary dismissal of the appeal. Despite this warning, Forrester failed to provide specifics sufficient to justify his failure to meet the extended briefing deadline. Further, his notice of appeal set forth only general and conclusory challenges to the Immigration Judge's (IJ) decision and did not dispute the IJ's specific factual findings or raise any legal challenges with supporting authority. *See* 8 C.F.R. § 1003.3(b). The Board was "left to reconstruct the IJ proceedings, infer factual error without knowledge of what precise error [wa]s complained of, and build the legal analysis from only general statements of legal conclusion." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 821 (9th Cir. 2003).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*