**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1567**

_____

CHUNG VAN PHAN,

　　　　　　Petitioner,

　　　v.

MERRICK B. GARLAND, Attorney General,

　　　　　　Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  February 3, 2025　　　　　　　　　　　Decided:  June 23, 2025

_____

Before HEYTENS and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Hoa V. Tran, HOA VAN TRAN, APLC, Garden Grove, California, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Assistant Director, Corey L. Farrell, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chung Van Phan petitions for review of an order of the Board of Immigration Appeals (Board) summarily dismissing his appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), (E) (2021). For the reasons set forth below, we deny the petition for review.

The Board may summarily dismiss any appeal in which the appellant "fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith;" or in which the appellant indicates "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(A), (E).  Additionally, 8 C.F.R. § 1003.3(b) (2021) provides:

> Statement of the basis of appeal.  The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i).  The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited.  If the dispute is over the findings of fact, the specific facts contested must be identified.  Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

*Id.*

Upon review, we conclude that the Board was justified in summarily dismissing Phan's appeal and that no abuse of discretion occurred.  *See Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006) (setting forth standard of review).  Phan received proper notice of his obligation to reasonably explain his failure to file a timely brief and to

2

apprise the Board of the bases for his appeal, and he was warned that failure to do so could result in the summary dismissal of the appeal. Despite this warning, Phan failed to provide specifics sufficient to justify his failure to meet the deadline. Further, his notice of appeal did not challenge the Immigration Judge's specific factual findings or raise any legal challenges with supporting authority. *See* 8 C.F.R. § 1003.3(b).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*