## NOT FOR PUBLICATION

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12728

Non-Argument Calendar

_____

MARIA CARMELINA PEREZ NOLASCO,
YUSELA NEOMI PEREZ NOLASCO,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-011-320

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Maria Carmelina Perez Nolasco, a native and citizen of Guatemala, petitions, on behalf of herself and her daughter, for review of the order of the Board of Immigration Appeals dismissing Perez Nolasco's appeal after denying her motion to accept a late-filed brief. Perez Nolasco argues that the Board abused its discretion and violated her right to due process by denying her motion to accept a late-filed brief without reasoned consideration and then summarily dismissing her appeal for failure to file a timely brief. Perez Nolasco also argues that the immigration judge erred in denying her claims for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(a), 1231(b)(3). We deny the petition.

We review the Board's summary dismissal of a petitioner's case for abuse of discretion. *Esponda v. U.S. Att'y Gen.*, 453 F.3d 1319, 1321 (11th Cir. 2006). Because the regulation regarding late-filed briefs vests discretion in the Board, we also review the Board's denial of a motion to accept a late-filed brief for abuse of discretion. *Id.*; 8 C.F.R. § 1003.3(c)(1) (2024). The Board abuses its discretion by acting arbitrarily or capriciously. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

Perez Nolasco's challenges to the immigration judge's conclusions as to her claims for asylum, withholding of removal, and relief under the Convention are not properly before us because the Board summarily dismissed her appeal on the grounds that Perez

Nolasco did not file a timely brief and her notice of appeal did not specify the reasons for the appeal. So, we will not consider those issues. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

The Board did not abuse its discretion nor deprive Perez Nolasco of due process by declining to exercise its discretionary authority to accept her late-filed brief and summarily dismissing her appeal. The version of section 1003.3(c)(1) in effect at the time of Perez Nolasco's appeal made clear that briefs must be filed directly with the Board. 8 C.F.R. § 1003.3(c)(1) (2024). Upon a written motion, the Board may extend the period for filing a brief and consider a brief that has been filed out of time for good cause. *Id.* The Board may summarily dismiss an appeal if the appellant fails to specify the reasons for the appeal in the notice of appeal or if the appellant states, in the notice of appeal, that she will file a brief in support of the appeal and later fails to do so or reasonably explain her failure to do so within the time set for filing. *Id.* § 1003.1(d)(2)(i)(A), (E). Further, "[t]he party taking the appeal must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, in order to avoid summary dismissal." *Id.* § 1003.3(b). "The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." *Id.*

Perez Nolasco did not file her brief by the deadline set by the Board, which is grounds for summary dismissal. An extension to the briefing schedule is discretionary, and the Board reasonably

4                    Opinion of the Court                    25-12728

found that Perez Nolasco failed to provide sufficient explanation to establish good cause warranting an exercise of that discretion. *Id.* § 1003.3(c)(1). The Board also reasonably concluded that Perez Nolasco's notice of appeal did not sufficiently apprise it of the reasons for the appeal, which is itself grounds for summary dismissal, and in any event, Perez Nolasco abandoned any challenge to that conclusion of the Board. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We **DENY** the petition.